[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12738
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60017-JIC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KRYSTAL ANTOINETTE BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 9, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Krystal Antoinette Brown appeals her 57-month sentence imposed after

pleading guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).

On appeal, Brown argues that: (1) the district court erred in denying her motion for

a downward departure; and (2) her sentence is procedurally and substantively unreasonable because the district court failed to consider all of the factors in 18 U.S.C. § 3553(a), and her sentence is greater than necessary to achieve the goals set forth in § 3553.  After careful review, we affirm in part and dismiss in part.

We lack jurisdiction to review the denial of a motion for a downward departure where the district court understood its authority to depart, but chose not to do so.  United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

First, we conclude that we lack jurisdiction to review the denial of Brown's motion for a downward departure.  As the record reveals, the district court noted at the sentencing hearing that it had the authority to depart from a guideline range sentence.  The court then explained that it did not find Brown's criminal history category of IV to over-represent the seriousness of her criminal history, such that it warranted a downward departure.  This statement clearly indicates the district court's understanding of its authority to depart.  Because the court acknowledged its authority to depart downward when denying Brown's motion but nevertheless chose not to, we lack jurisdiction to review the denial of her motion.  See Dudley, 463 F.3d at 1228.  Accordingly, we dismiss her appeal as to that issue.

Next, we are unpersuaded by Brown's claim that her sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] We do not require a district court to state on the record that it has expressly considered each of the § 3553(a) factors; rather, we consider it sufficient where the court acknowledged that it considered the defendant's arguments and the § 3553(a) factors. United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). We will not second guess the weight (or lack thereof)

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

that the court accorded to a given § 3553(a) factor, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented. United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010). Similarly, we will not remand for resentencing unless left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside of the range of reasonable sentences based upon the facts of the case. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016). That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. Gall, 552 U.S. at 51. Moreover, a district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. Snipes, 611 F.3d at 873.

However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

4

While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Brown has not shown that her sentence is procedurally unreasonable. As the record reflects, the district court referenced various § 3553(a) factors at her sentencing hearing. For instance, the district court acknowledged Brown's criminal history when it discussed her previous convictions for petit theft and grand theft. The court also considered the seriousness of the offense when it noted that Brown had graduated from retail theft to bank robbery. The district court then referred to the guideline range when it explained that it chose to sentence Brown to the lowest end of the guideline range due to her acceptance of responsibility. And in any event, the district was not required to state on the record that it considered each of the § 3553(a) factors; its statement that it "considered the statements of all parties . . . as well as each of the factors set forth in 18 United States Code § 3553(a)" was more than sufficient. See Dorman, 488 F.3d at 938.

Nor has Brown shown that her sentence is substantively unreasonable. Indeed, the sentence was at the lowest end of the guideline range, which we ordinarily expect to be reasonable. See Hunt, 526 F.3d at 746. The record also

5

shows that the district court noted that Brown had had a difficult life, and balanced this consideration with the seriousness of her offense. Brown argues that, because she never served more than 120 days' for her prior convictions, the guideline sentence of 57 months' is unreasonable. However, Brown has eight prior convictions for theft related offenses, and these did not deter her from committing bank robbery.

Brown concedes that a 57-month sentence for the instant offense appropriately reflects the seriousness of the offense, but argues that a 37-month sentence would accomplish the goals set forth in § 3553. Even if this Court concluded that a 37-month sentence is appropriate, that conclusion alone is insufficient for reversal. See Gall, 552 U.S. at 51. Further, the statutory maximum for bank robbery in the instant case is 20 years. See 18 U.S.C. § 2113(a). Brown's sentence of 57 months', which may be compared against the statutory maximum for an indication of reasonableness, is less than a quarter of the 20-year statutory maximum. See Gonzalez, 550 F.3d at 1324. In short, Brown's 57-month sentence, set at the lowest end of the guideline range, is reasonable because the statutory factors in § 3553(a) support her sentence. Accordingly, we affirm as to the reasonableness of her sentence.

**DISMISSED IN PART; AFFIRMED IN PART.**

6